UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED DANIEL REEVES, JR.

    Plaintiff,

v.                                             Case No. 04-71411

MIKE ENGELSGJERD, M.D.            Honorable Patrick J. Duggan

    Defendant.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 23, 2005.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On April 20, 2004, Plaintiff Fred Reeves filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff alleges that Defendant Mike Engelsgjerd, M.D. violated his constitutional rights in late August or early September 2000, while Plaintiff was incarcerated at the Standish Maximum Correctional Facility in Standish, Michigan. On May 12, 2005, Defendant filed a motion for summary judgment which this Court referred to Magistrate Judge Steven D. Pepe pursuant to 28 U.S.C. § 636(b).

On September 19, 2005, Magistrate Judge Pepe issued a Report and

1

Recommendation (R&R) recommending that this Court grant Defendant's motion for summary judgment. Magistrate Judge Pepe concluded that Plaintiff's claims are time barred because Michigan's three year statute of limitations for personal injury applies, MICH. COMP. LAWS ANN. § 600.5805(8), and Plaintiff filed his claims more than three years after they accrued. Magistrate Judge Pepe rejected Plaintiff's request for equitable tolling based on a lawsuit he filed on April 8, 2003, in which he raised identical claims against Defendant and which the United States District Court for the Western District of Michigan only dismissed for failure to exhaust administrative remedies on March 31, 2004. *See Reeves v. Smith, et al.*, Case No. 4:03-cv-50 (W.D. Mich. March 31, 2004)("4/8/03 lawsuit"). While Magistrate Judge Pepe found "some appeal" to Plaintiff's equitable tolling argument, he ultimately concluded that equitable tolling should not apply because Plaintiff filed a previous lawsuit against Defendant and other individuals in 2002, which the Western District of Michigan also dismissed due to Plaintiff's failure to exhaust administrative remedies, *see Reeves v. Overton, et al.*, Case No. 1:02-cv-949 (W.D. Mich. March 14, 2003)("12/30/02 lawsuit").[1] *See* R&R at 3.

Plaintiff filed objections to the R&R on October 3, 2005. On October 13, 2005, Plaintiff filed an additional pleading re-stating his objections based on his review of Defendant's response to his objections and his re-reading of the R&R. First, Plaintiff

---

[1]Plaintiff filed this lawsuit initially in the Eastern District of Michigan on September 12, 2002. The Eastern District transferred the complaint to the Western District of Michigan on December 30, 2002.

2

argues that he should be entitled to equitable tolling because he believed, when he filed the 4/8/03 lawsuit, that he had demonstrated exhaustion as to the claims contained in his complaint.  Second, Plaintiff argues that Defendant's conduct constituted a continuing violation that extended the statute of limitations.  The parts of the R&R to which objections are made will be reviewed by the Court *de novo*.  FED. R. CIV. P.  72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).

> As the Sixth Circuit has stated with respect to equitable tolling:
>
>> The federal courts sparingly bestow equitable tolling . . . Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control . . . Absent compelling equitable considerations, a court should not extend limitations by even a single day.

*Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)(internal citations omitted).  A plaintiff's failure to satisfy a deadline caused by "garden variety neglect" therefore is not excused by equitable tolling.  *Id*. at 561 (citing *Johnson v. United States Postal Serv.*, 64 F.3d 233, 238 (6th Cir. 1995)).  The Sixth Circuit has identified five factors for courts to consider when determining the appropriateness of equitably tolling a statute of limitations: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the reasonableness in remaining ignorant of the particular legal requirement.  *Id*. (citing *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)); *see also Andrews v. Orr*, 851

F.2d 146, 151 (6th Cir. 1988).

It appears from the R&R that Magistrate Judge Pepe concluded that Plaintiff was not entitled to equitable tolling because: (1) Plaintiff had not exhausted his present claims against Defendant when he filed the 4/8/03 lawsuit, but only after that case was dismissed; and (2) Plaintiff raised the same claims against Defendant in the 12/30/02 lawsuit that he raised in the 4/8/03 lawsuit and in the present case. The Court does not agree with those conclusions. First, Plaintiff exhausted his administrative grievances with respect to his pending claims against Defendant before he filed his 4/8/03 lawsuit, as Judge Bell specifically found in his opinion and order dismissing that lawsuit. *See Reeves v. Smith, et al.*, Case No. 4:03-cv-50, 3/31/04 Op. at 15-18. Plaintiff's allegations against Defendant were dismissed without prejudice, however, because Judge Bell concluded that Plaintiff's claims against other defendants had not been exhausted. Judge Bell followed the practice– which since has become the law in this Circuit[2] and is referred to as the "total exhaustion" rule– that all of the claims in a prisoner's complaint should be dismissed without prejudice when the complaint alleges exhausted and unexhausted claims. Second, while Plaintiff's claims against Defendant in this and in his 4/8/03 lawsuit are identical, they are different than the claims Plaintiff alleged against Defendant in the 12/30/02 lawsuit. In the 12/30/02 lawsuit, Plaintiff alleged that Defendant and others violated his Eighth Amendment rights in that they were indifferent to Plaintiff's

---

[2]*Bey v. Johnson*, 407 F.3d 801 (2005).

need for treatment for Hepatitis-C.

Plaintiff's 4/8/03 lawsuit was filed several months before the statute of limitations applicable to those claims expired.[3] When he filed his 4/8/03 lawsuit, Plaintiff was or should have been aware of the Prison Litigation Reform Act's exhaustion requirements as a result of Judge Bell's dismissal of his 12/30/02 lawsuit. Additionally, Plaintiff was or should have been aware of the total exhaustion rule because Judge Bell dismissed all of the claims in his 12/30/02 lawsuit without prejudice based on his failure to exhaust some of those claims, even though some claims were exhausted. Plaintiff, however, states that he believed he had exhausted all of the claims contained in his 4/8/03 lawsuit prior to filing that suit based on Judge Bell's statement in dismissing the 12/30/02 lawsuit that "[t]he Court will also consider exhausted those claims and Defendants for which Plaintiff shows that he requested grievance forms on modified access. While on modified access, Plaintiff had no other available means of exhausting his claims." *See Reeves v. Overton, et al.*, Case No. 1:02-cv-949, 3/14/03 Op. at 7.

The Court believes Plaintiff has shown diligence in pursuing his pending claims

---

[3]The Supreme Court has held that state tolling statutes apply to Section 1983 actions, as long as the result is not inconsistent with federal law or policy. *Higley v. Mich. Dep't of Corrections*, 835 F.2d 623, 624 (6th Cir. 1987)(citing *Bd. of Regents v. Tomanio*, 446 U.S. 478, 100 S. Ct. 1790 (1980)). Pursuant to Michigan law, a limitations period is tolled at the time a complaint is filed *and* a copy of the summons and complaint are served on the defendant. MICH. COMP. LAWS ANN. 600.5856. Thus Plaintiff's filing of his 4/8/03 complaint would have tolled the limitations period with respect to Defendant if Defendant was served in that case. In fact, however, the summons as to Defendant was returned unexecuted on two occasions and Defendant was never served.

against Defendant.  Plaintiff exhausted the claims prior to filing the 4/8/03 lawsuit, and the lawsuit was filed before the statute of limitations expired in September 2003.  Plaintiff only was prevented from pursuing the claims in the 4/8/03 lawsuit because the claims were alleged in a complaint containing unexhausted claims.[4]  As Plaintiff has explained, however, he believed he demonstrated exhaustion of the remaining claims by showing that he requested grievance forms on modified access.  Additionally, the Court notes that Plaintiff filed the pending lawsuit containing only his previously exhausted claims against Defendant less than a month after Judge Bell dismissed the 4/8/03 lawsuit.

The Court finds no prejudice to Defendant if equitable tolling is bestowed in this case.  The Court does not believe that the passage of time has prevented Defendant from adequately responding to Plaintiff's claims. The Court therefore believes that equitable tolling should apply with respect to the period during which Plaintiff's 4/8/03 lawsuit was pending.  As a result, Plaintiff's claims against Defendant are not time barred.

The Court, however, concludes that Defendant's motion for summary judgment should be granted because Plaintiff cannot demonstrate the elements necessary to prove his claims.  In his first claim, relating to Grievance No. SMF-00-09-2058-12d,[5] Plaintiff

---

[4]Notably, it is only because the U.S. Marshal's Service was not able to serve Defendant– a factor beyond Plaintiff's control– that the filing of the 4/8/03 lawsuit did not toll the statute of limitations pursuant to MICH. COMP. LAWS ANN. § 600.5856.

[5]In his complaint, Plaintiff states that he is not able to provide a copy of this grievance to the Court because it was confiscated, along with his other legal property. Apparently Plaintiff filed this grievance with his 4/8/03 lawsuit, as Judge Bell quotes directly from the grievance in his opinion and order dismissing that lawsuit.  *See Reeves*

alleges retaliation in violation of his First Amendment rights. Specifically, Plaintiff asserts that Defendant retaliated against him for filing grievances. According to Plaintiff, during a visit with Defendant on September 1, 2000, Defendant "became irate and told [Plaintiff] '[s]ince you want to threaten me with grievances we will see who gets the last laugh.'" *See* Compl. at 6. Plaintiff claims Defendant then falsified his medical file by indicating that Defendant had diagnosed Plaintiff with a probable parasitic condition– that being scabies– and by ordering treatment for the alleged condition. *See id*.

In order to establish a First Amendment retaliation claim, a prisoner must demonstrate (1) that he was engaged in protected conduct; (2) that he suffered an adverse action; and (3) that a causal connection exists between the protected conduct and the adverse action. *Scott v. Churchill*, 377 F.3d 565, 569 (6th Cir. 2004)(citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)(en banc)). The filing of non-frivolous grievances is protected conduct, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000); and Defendant does not argue that Plaintiff's grievances were frivolous. Plaintiff, however, fails to establish that he suffered an adverse action *as a result of* that conduct. An "adverse action" is an action that "would deter a person of ordinary firmness from continuing to engage in [the protected] conduct." *Thaddeus-X*, 175 F.2d at 394. Intentionally misdiagnosing an inmate's medical condition likely rises to the level of an adverse action. Requiring a prisoner to take medication for a medical condition from

---

*v. Smith, et al.*, Case No. 4:03-cv-50, 3/31/04 Opinion and Order at 16 (W.D. Mich.).

7

which he or she in fact does not suffer also likely constitutes an adverse action. Plaintiff however does not dispute that he in fact had a rash when he was seen by Defendant in September 2000. Plaintiff cannot show that Defendant inaccurately diagnosed his rash as scabies or that Defendant made the diagnosis in retaliation for Plaintiff's conduct instead of as a result of medical error. The Court therefore concludes that Defendant is entitled to summary judgment with respect to Plaintiff's first claim.

In his second claim, relating to Grievance No. SMF-00-09-2122-12c,[6] Plaintiff alleges that Defendant violated his constitutional rights by discussing his medical condition with non-medical staff and in front of other inmates. Although other Circuits have recognized a constitutional right to privacy in the information in one's medical records, the Sixth Circuit has specifically held that such a right generally does not exist. Pursuant to Sixth Circuit law, "the Constitution does not encompass a general right to nondisclosure of private information." *J.P. v. DeSanti*, 653 F.2d 1080, 1090 (6th Cir. 1981). "Only when 'fundamental' rights are implicated does a privacy concern take on constitutional dimensions." *Jarvis v. Wellman*, 52 F.3d 125, 126 (6th Cir. 1995)(citing *DeSanti*, 653 F.2d at 1090). In *Jarvis*, the plaintiff filed a Section 1983 action against officials when she learned that her father (while an inmate in the Kentucky penal system) obtained access to her confidential medical records. Relying on *DeSanti*, the Sixth

---

[6]Plaintiff states that this grievance also was confiscated and he therefore is not able to attach it to his complaint. *See* Compl. Judge Bell re-states the allegations in this grievance verbatim at page 18 of his March 31, 2004, opinion and order. *See Reeves v. Smith, et al.*, Case No. 4:03-cv-50, 3/31/04 Opinion and Order at 17 (W.D. Mich.).

Circuit concluded that disclosure of the plaintiff's medical records did not violate a constitutional right. *Id*. Similarly, in *Doe v. Wigginton*, the Sixth Circuit found an inmate's right to privacy claim based on the disclosure of his HIV status by prison officials foreclosed by *DeSanti*. 21 F.3d 733, 740 (1994). The Court therefore concludes that Defendant is entitled to summary judgment with respect to this claim as well.[7]

Accordingly,

**IT IS ORDERED**, that Defendant's motion for summary judgment is **GRANTED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Fred Daniel Reeves, Jr.
#241575
Alger Maximum Correctional Facility
Industrial Park Drive
P.O. Box 600
Munising, MI 49862

Kimberly Koester, Esq.

---

[7] Defendant's counsel devotes almost the entire motion for summary judgment arguing that Plaintiff cannot establish that Defendant was deliberately indifferent to his medical needs in violation of the Eighth Amendment. While the Court recognizes that a pro se prisoner complaint must be read liberally, *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594 (1972), there are absolutely *no* allegations in Plaintiff's complaint suggesting that he is alleging an Eighth Amendment deliberate indifference claim in this case.